# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS ANTONIO FABILLA, | ) | 1: 10-cv-02184-AWI-BAM |
| | ) | |
| | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **REGARDING PLAINTIFF'S** |
| Plaintiff, | ) | **SOCIAL SECURITY COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.   INTRODUCTION

Pending before the Court is plaintiff Jesus Antonio Fabilla's ("Plaintiff") motion for summary judgment and the cross-motion for summary judgment of defendant Commissioner of Social Security ("Commissioner").  Plaintiff seeks judicial review of an administrative decision denying his claim for Social Security Disability Insurance and Supplemental Security Income disability benefits pursuant to 42 U.S.C. §§ 423(d) and 1382c(a)(3)(A).

Plaintiff filed his complaint on November 22, 2010.  (Doc. 1.)  Plaintiff filed his summary judgment motion on August 1, 2011. ( Doc. 17.)   The Commissioner filed his summary judgment cross-motion and opposition on August 24, 2011.  (Doc. 18.)  Plaintiff filed his Reply Brief on September 8, 2011 (Doc. 20.)  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument to United States Magistrate Judge Barbara A. McAuliffe for findings and recommendations to Chief United States District Judge Anthony W. Ishii.

## II. BACKGROUND

**A.  Overview of Administrative Proceedings**

On December 18, 2006, Plaintiff filed concurrent applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits, alleging disability beginning February 1, 2003.  (Administrative Record, "AR," at 83-103.)  Plaintiff's application was denied on initial review and again on reconsideration.  (AR at 68-77.)  Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ").  On April 8, 2009, Plaintiff appeared with counsel and testified before the ALJ.  (AR at 40-63.)  In a decision dated September 24, 2009, the ALJ determined Plaintiff was not disabled within the meaning of the Act.  (AR at 16-29.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  (AR at 5-7.)  Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

**B.  Plaintiff's Background**

Plaintiff was born on November 11, 1957.  (AR at 42.)  Plaintiff completed a twelfth grade education, and can read and write.  (AR at 43.)  Plaintiff currently lives in a duplex with his wife and three children.  (AR at 43.)  Plaintiff's last working experience involved ownership of a landscaping company in 2001, which Plaintiff quit due to pain in his knees.  (AR at 44.)

**C.  Plaintiff's Testimony At the Administrative Hearing**

On April 8, 2009, Plaintiff testified before the ALJ regarding his claim for disability.  (AR at 42-63.)  Plaintiff was represented by counsel.  (AR at 42.)  Plaintiff testified to having pain in both legs, specifically, his knees and heels.  (AR at 44.)  Plaintiff additionally complains of pain in his lower back, hands and fingers.  Plaintiff further alleges he suffers from chronic pain, fibromyalgia and restless leg syndrome.  (AR at 46-47.)

Plaintiff's daily activities consist of minor household chores and watching television.  (AR at 50-51.)  Plaintiff walks his daughter to the bus, attends his daughter's sporting events, and sometimes goes for walks to alleviate his pain.  (AR at 50-60.)  Plaintiff stated that he can lift thirty to forty pounds, and he can sit, stand and walk for thirty minutes at a time.  (AR at 52.)  Plaintiff also stated he needs to recline for two hours per day.  (AR at 53-54.)

1. **Vocational Expert Testimony**

The ALJ asked the vocational expert ("VE") a hypothetical question which included all of the limitations the ALJ found in his residual functional capacity assessment. (AR at 22, 56-58.) The VE testified that a hypothetical person of Plaintiff's vocational background and residual functional capacity could perform other jobs in the national economy including positions as a cashier, office helper and mail clerk. (AR at 56-58.)

**D.    Medical History**

The entire medical record was reviewed by the Court. (AR at 172-514.) The medical evidence will be referenced below to the extent it is necessary to the Court's decision.

**E.    ALJ Findings**

In reaching his decision that Plaintiff has not been under a disability within the meaning of the Act, the ALJ made the following findings:

1. The doctrine of *res judicata* conclusively determined Plaintiff's non-disability prior to October 3, 2006;
2. Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2008;
3. Plaintiff has not engaged in substantial gainful activity since February 1, 2003 (20 CFR 416.971 *et seq.*);
4. Plaintiff has the following severe combination of impairments: plantar fasciitis, degenerative joint disease of the knees, restless leg syndrome and chronic pain syndrome (20 CFR 416.920(c));
5. Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926);
6. Plaintiff's Residual Functional Capacity: Plaintiff has the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Plaintiff can sit, stand and walk for six hours each out of an eight

3

      hour work day.  Plaintiff is able to lift and carry 20 pounds occasionally and 10 pounds frequently.  Plaintiff can occasionally climb, crouch and crawl;

7.     Plaintiff is unable to perform past relevant work (20 CFR 416.965);

8.     Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)).

9.     Plaintiff has not been under a disability, as defined by the Act, from February 1, 2003 through the date of the administrative decision. (20 CFR 404.1520(g) and 416.920(g)).

(AR at 19-28.)

### III. DISCUSSION

**A. Standard of Review**

    Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405 (g).  Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985).  This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

    In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has

lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that she has a physical or mental impairment of such severity that she is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Here, Plaintiff argues the ALJ made two errors: (1) the ALJ improperly evaluated medical opinion testimony; and (2) the ALJ improperly assessed Plaintiff's credibility.

**B.    Medical Opinion Testimony Evaluation**

**1.    Legal Standard**

In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir.2001); 20 C.F.R. § 404.1527(d)(1)-(2). The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984). The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer*, 908 F.2d at 506. If contradicted by another doctor, the opinion of an examining doctor can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). "This burden can be met by providing a detailed summary of the facts and conflicting clinical evidence, along with a reasoned interpretation thereof." *Rodriguez v. Bowen,* 876 F.2d 759, 762 (9th Cir. 1989).

Notwithstanding the above discussion, an ALJ is not required to accept an opinion of a treating physician, or any other medical source, if it is conclusory and not supported by clinical findings. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a medical source's opinion concerning a claimant's limitations on the ultimate issue of

5

disability.  *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989).  If the record as a whole does not support the medical source's opinion, the ALJ may reject that opinion.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart,* 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir.1999).

### 2. Testimony Plaintiff's Treating Physician, Dr. Eunice Baluyot, M.D.

Plaintiff's treating physician, Dr. Eunice Baluyot, provided medical opinion testimony in support of Plaintiff's claim for disability.  (AR at 430.)  Dr. Baluyot opined that Plaintiff was unable to work. (AR at 430.)  Dr. Baluyot did not offer specific functional limitations.  Dr. Baluyot's treatment notes, however, indicate she was treating Plaintiff for chronic knee and leg pain, restless leg syndrome, congenial deformity of the feet, depression, metabolic syndrome and androgen deficiency.  (AR at 352-448.)

The ALJ gave "very light weight" to Dr. Baluyot's opinions.  (AR at 26.)  Specifically, the ALJ stated that Dr. Baluyot "did not proffer an opinion on the claimant's ability to function in any way and, therefore, it is given very light weight."  (AR at 26.)  As Dr. Baluyot's medical opinions were contradicted by several other medical sources, *see e.g.,* AR at 298, 332-333, 393, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence in the record to reject Dr. Baluyot's opinions. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The ALJ provided specific and legitimate reasons for rejecting the medical opinion testimony of Dr. Baluyot.  Dr. Baluyot's conclusion that Plaintiff can not work is not a medical opinion, but rather, an issue reserved for the Commissioner.  *See* 20 C.F. R. § 404.1527((e)(1); 20 C.F.R. § 404.1527(e)(3) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner ...."); *Aaron v. Astrue,* 2008 WL 4502268 (E.D. Cal. 2008) ("It is true that the ultimate issue of disability vel non is reserved to the Commissioner because a determination of whether or not a claimant meets the statutory definition of disability

6

is a legal conclusion reserved to the Commissioner"). *Aaron* noted that such a conclusion has value only when the physician supports the conclusion by addressing "the specific extent of Plaintiff's exertional capacity, precisely limited the maximum hours to be worked, specified the requirement of elevating the legs for precise periods of time, and set forth specific postural limitations." *Id.* at * 7.

Here, and unlike the treating physician in *Aaron*, Dr. Baluyot did not provide any opinions regarding Plaintiff's functional limitations. Dr. Baluyot's treatment notes indicated the various ailments for which Plaintiff was treated, but make no reference to Plaintiff's exertional capacity, the maximum hours Plaintiff can work or set forth postural limitations. Accordingly, Dr. Baluyots' statement that Plaintiff is disabled, unsupported by opinions on functional abilities, was properly discounted by the ALJ.

### 3.     Examining Physician, Dr. Cesar Duclair

At the request of the Commissioner, examining physician Dr. Cesar Duclair examined Plaintiff. (AR at 332-33.) Dr. Duclair diagnosed Plaintiff with rheumatoid arthritis, and limited Plaintiff to occasional manipulative activities. (AR at 333.) The ALJ gave "light weight" to Dr. Duclair's diagnosis of rheumatoid arthritis. (AR at 25-26.) Several physicians contradicted Dr. Duclair's findings, *see* AR at 298, 393, thus, the ALJ was required to provide specific and legitimate reasons to reject Dr. Collado's opinions. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The ALJ provided specific and legitimate reasons for rejecting Dr. Duclair's diagnosis of rheumatoid arthritis. The ALJ noted that such a diagnosis conflicted with the medical record as a whole, and that Plaintiff "rarely, if ever, reported problems with upper extremities." (AR at 26.) Plaintiff's failure to discuss or seek treatment for this alleged impairment is a specific and legitimate reason to discount physician testimony. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (stating that, "if a claimant complains about disabling pain but fails to seek treatment . . . an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated"); *Swincoe v. Astue,* 2012 WL 2317550 (E.D. Cal. 2012) (same).

The majority of medical evidence contradicted Dr. Duclair's findings. No treating physician, or any other physician, diagnosed Plaintiff with rheumatoid arthritis. Neurologist Sadda Reddy, M.D., refuted the diagnosis of rheumatoid arthritis. (AR at 393.) Dr. Reddy opined that the consultative examination showed "normal ROM [range of motion] of wrists, fingers, knees, ankles and hips" and stated that there was no established diagnosis of rheumatoid arthritis per any treating notes. (AR at 393.) Multiple physicians similarly opined Plaintiff did not have any manipulative limitations. (AR at 327-331, 393.) When medical opinion testimony is not supported by objective evidence, those opinions may be properly rejected. *See Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir.1988) (ALJ properly reject treating physicians' opinion which was unsupported by medical findings); *Batson v. Comm'r.,* 359 F.3d 1190, 1195 (9th Cir. 2004) (same). When presented with multiple conflicting medical opinions, the ALJ has the responsibility for resolving these ambiguities in the Record, and a court will not disturb an ALJ's findings if they are reasonable. *Vincent ex. Rel. Vincent v. Heckler,* 739 F.2d 577, 579 (9th Cir. 1984); *Key v. Heckler,* 754 F.2d 1545, 1549 (9th Cir. 1985). There is ample medical evidence in the Record to support the ALJ's resolution of these differing opinions, such that his decision is reasonable.

**C.      Plaintiff's Credibility Determination**

A two step analysis applies at the administrative level when considering a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the claimant must produce objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id*. at 1281-1282. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only if he makes specific findings that include clear and convincing reasons for doing so. *Id*. at 1281. The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086 (N.D. Cal. 2001) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence"); SSR 96-7p

(ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight").

An ALJ can consider many factors when assessing the claimant's credibility. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ can consider the claimant's reputation for truthfulness, prior inconsistent statements concerning his symptoms, other testimony by the claimant that appears less than candid, unexplained or inadequately explained failure to seek treatment, failure to follow a prescribed course of treatment, claimant's daily activities, claimant's work record, or the observations of treating and examining physicians. *Smolen,* 80 F.3d at 1284; *Orn v. Astrue,* 495 F.3d 625, 638 (9th Cir. 2007). An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.1989); *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir.1986).

The Court notes that the ALJ did not completely discount Plaintiff's subjective symptom testimony. Residual functional capacity assessments performed by medical consultants opined Plaintiff could perform work at a medium exertional level. (AR at 26.) The ALJ, however, accepting Plaintiff's subjective symptom testimony in part, limited Plaintiff to light work only. (AR at 26.) The ALJ provided a valid basis for finding Plaintiff not fully credible and his reasons are supported by substantial evidence in the record. In evaluating Plaintiff's subjective symptom testimony, the ALJ stated the following:

> The claimant's allegations of his symptoms are inconsistent. For example, he has reported to the Social Security Administration and his doctor's that he uses a cane and walker; however, in February 2008, his treatment notes indicated he ambulated without assistance. In addition, both consultative examiners opined that assistive devices were not necessary. Moreover, he actually testified that he does not use a cane. . . .
>
> The claimant has described daily activities which are not limited to the extent one would expect, given the complaint of disabling symptoms and pain. For example, he has alleged in his disability report that he has difficulty walking even short distances; however, he allegedly walks his daughter to the bus, walks his dog, and he most recently testified that walking alleviates his pain. . . .
>
> Finally, the claimant testified that his symptoms were onset in 2001; however, he reported that he continued working after he began experiencing symptoms in order to support his family. Although the undersigned sympathizes with the claimant's need to support his family, there are reports in the medical record,

> subsequent to the alleged onset date in 2003, that the claimant was working as a gardener and was 'on his feet a lot at work.' He further testified that he attempted to work again in 2005, although it did not rise to the level of substantial gainful activity. The fact that claimant continued to work after his alleged onset date indicates that the claimant's daily activities have, at least at times, been somewhat greater than the claimant has generally reported. . . .
>
> [T]here is evidence that the claimant has not been entirely compliant in taking prescribed medications, which suggests that the symptoms may not have been as limiting as the claimant has alleged in connection with this application. For example, the claimant indicated that he was unaware if he was taking certain medication that was prescribed to him.

(AR at 24-25.)

These are each clear and convincing reasons for affording reduced weight to Plaintiff's testimony. The ALJ could properly rely on Plaintiff's daily activities, such walking to alleviate his pain and working as a gardener four years past his alleged onset date, to discount his claim that he could only walk for short periods, or otherwise suffered from disabling pain in his legs and back. *See, e.g., Thomas*, 278 F.3d at 958-59 (ALJ may properly consider inconsistencies between claimant's testimony and claimant's daily activities); *Morgan v. Apfel*, 169 F.3d 595, 599-600 (9th Cir.1999) (ALJ may properly rely on contradictions between claimant's reported limitations and claimant's daily activities).

Plaintiff's inconsistent statement to the Administration regarding his need for an ambulatory device is a clear and convincing reason for affording reduced weight to his testimony. It is well settled that an ALJ may employ "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistent statements on various matters. *See Tommasetti*, 533 F.3d at 1039; *Thomas*, 278 F.3d at 958–59 (ALJ permissibly inferred from claimant's conflicting information about her drug and alcohol usage that "this lack of candor carries over to her description of physical pain"). It follows that the ALJ may permissibly infer from plaintiff's inconsistent statements about his use of ambulatory devices that plaintiff is not fully credible about other issues, such as his subjective symptoms. *See, e.g., Farmer v. Astrue*, 2011 WL 1434663 at *5 (D. Kan. Apr.14, 2011) (ALJ properly made adverse credibility finding based on claimant's inconsistent statements regarding her education level); *Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir.1995) (ALJ properly discredited claimant's

testimony where claimant's testimony about daily living activities was much more limited than those reported prior to testimony)

The ALJ also cited Plaintiff's non-compliance with his pain medications as indicative that Plaintiff's pain was not a disabling as claimed (AR at 25, 439).  This is permissible under the Commissioner's regulations. *See* 20 C.F.R. § 404.1529(c)(3)(iv);  20 C.F.R. §§ 404.1530(b) ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled . . ."); *See also, Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (stating that, "if a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated"); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.")

In sum, the ALJ provided clear and convincing reasons in support of his evaluation of Plaintiff's subjective symptom testimony.  Moreover, the ALJ did not reject Plaintiff's allegations outright; rather, the ALJ discounted Plaintiff's argument that his impairment precluded all work activities.

## IV.   CONCLUSION

Based on the foregoing, the Court finds the ALJ's decision is supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court RECOMMENDS that:

1. Plaintiff's motion for summary judgment be DENIED;
2. The Commissioner's cross-motion for summary judgment be GRANTED;
3. The Clerk of Court enter judgment in favor of the Commissioner of Social Security, and against Plaintiff Jesus Antonio Fabilla.

These findings and recommendations will be submitted to the Chief United States District Judge Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 11, 2012**               /s/ **Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE